**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARISELA RODRIGUEZ-RIVAS, <u>et al.</u>, | |
| **Plaintiff(s)** | **CIVIL NO.** 06-1197 (JAG) |
| **v.** | |
| POLICE DEPT. OF PUERTO RICO | |
| **Defendant(s)** | |

**OPINION AND ORDER**

Pending before this Court is Defendant Police Department of Puerto Rico's (hereinafter "Defendant") "Motion Under Rule 50 for Judgment as a Matter of Law; Under Rule 59 for New Trial or to Alter or Amend Judgment; or for Remittitur." (Docket No. 99). For the reasons set forth below this Court **GRANTS** in part and **DENIES** in part Defendant's Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 24, 2008, a jury rendered a verdict for Plaintiffs, Marisela Rodriguez Rivas, Carlos Francisco Ortiz-Torres, and their conjugal partnership (hereinafter "Plaintiffs"). The jury found Defendant liable for sexual harassment and retaliation under Title VII, as well as local Law 17, 29 L.P.R.A. § 155. It awarded Plaintiffs $500,000 in compensatory damages.

On February 27, 2009, this Court entered an order apportioning the jury award. The jury award was to be divided as follows:

Civil 06-1197 (JAG)                                                     2

$300,000 for Plaintiff's Title VII claim, and $400,000 for Plaintiff's Law 17 claim (after doubling). (Docket NO. 96). As a result, Plaintiffs total award was $700,000. This Court entered judgment accordingly. (Docket No. 97).

On March 10, 2009, Defendant filed a "Motion Under Rule 50 for Judgment as a Matter of Law; Under Rule 59 for New Trial or to Alter or Amend Judgment; or for Remittitur." (Docket No. 99). In it, Defendant contends that: 1) Puerto Rico's Sovereign immunity under the Eleventh Amendment should bar Plaintiff's claim under state Law 17; 2)this Court should vacate its judgment because Title VII's $300,000 cap was not applied to the jury's compensatory damage award of $500,000; 3) the award under Law 17 should be limited by the $75,000 cap of the Law 104 (Claims and Suits against the Commonwealth of Puerto Rico); 4) this Court should grant a judgment notwithstanding the verdict dismissing Plaintiff's claims; 5) this Court should grant Defendant's a new trial because the evidence presented does not support the jury's verdict; or 6) that this Court grant a remittitur and the amount awarded in damages be lowered accordingly. (Docket No. 99). On March 23, 2009, Plaintiff replied (Docket No. 102); and the Government sur-replied (Docket No. 117).

Civil 06-1197 (JAG)                                                    3

**ANALYSIS**

A. Defendant's Motion to Alter or Amend Judgment

    Fed. R. Civ. P. 59(e)[1] motions are granted only "where the
movant shows a manifest error of law or newly discovered evidence."
Santiago-Sepulveda v. Esso Std. Oil Co. (P.R.), Inc., 638 F. Supp.
2d 193, 197 (D.P.R. 2009) (citing Prescott v. Higgins, 538 F.3d 32,
45 (1st Cir. 2008).  "[A] motion for reconsideration should be
granted if the court has patently misunderstood a party . . . or
has made an error not of reasoning but apprehension." Id. (citing
Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008)
(internal quotations omitted).

    This Court has established that "[d]istrict courts enjoy
considerable discretion in deciding Rule 59(e) motions, subject to
circumstances developed in the case law." Id. (citing ACA Fin.
Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).
"They are not required to entertain arguments which could, and
should, have been made before judgment was issued." Id.  Indeed,
Rule 59(e) motions "may not be used to argue a new legal theory."
Id.

    Defendant argues in its motion that Puerto Rico's Sovereign
immunity, under the Eleventh Amendment, should bar Plaintiff's
claim under state Law 17.

---

    [1] Rule 59(e) - Motion to Alter or Amend Judgment. A motion
to alter or amend a judgment must be filed no later than 28 days
after the entry of the judgment.

Civil 06-1197 (JAG)                                                4

     Nevertheless, the Supreme Court has established that "congress

abrogat[ed] the States sovereign immunity in Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-2(a)."  The Court went on to

clarify that it sustained Congress' intention to abrogate sovereign

immunity in Title VII cases in Fitzpatrick v. Bitzer, 427 U.S. 445

(1976). Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721, 729-730

(2003).  Therefore, Defendant's Motion under Rule 59(e) is denied.

B. Defendant's Motion for Judgment as a Matter of Law

     Fed. R. Civ. P.  50 allows a party during a jury trial to move

the Court for entry of judgment as a matter of law. Such a motion

may be granted "[i]f a party has been fully heard on an issue

during a jury trial and the court finds that a reasonable jury

would not have a legally sufficient evidentiary basis to find for

the party on that issue." Fed.R.Civ.P. 50(a)(1). If the Court

denies the motion, then "[n]o later than 28 days after the entry of

judgment . . . [t]he movant may file a renewed motion for judgment

as a matter of law and may include an alternative or joint request

for a new trial under Rule 59." Fed.R.Civ.P. 50(b)." [T]he party

renewing a motion for judgment as a matter of law pursuant to Rule

50(b) "is required to have moved for judgment as a matter of law at

the close of all the evidence." Taber Partners I v. Insurance Co.

of North America, Inc., 917 F.Supp. 112, 115 (D.P.R.1996) (citing

Keisling v. SER-Jobs for Progress, Inc., 19 F.3d 755, 758 (1st Cir.

1994)).

Civil 06-1197 (JAG)                                                5

The First Circuit has stated that "[c]ourts may only grant a judgment contravening a jury's determination when the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." <u>Monteagudo v. Asociacion de Empleados del Estado Libre Asociado</u>, 554 F.3d 164, 170 (1st Cir. 2009) (internal citations omitted).  "A motion for judgment as a matter of law, like a motion for summary judgment, questions whether a reasonable jury could reach only one result based upon the evidence." <u>Taber Partners I</u>, 917 F.Supp. at 115.  As part of this analysis, courts "may not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." 11 James Wm. Moore, Moore's Federal Practice 3D, 9 § 50.06[6][b], at 50-40 (2003).  Pursuant to Fed.R.Civ.P. 50, "motion for judgment cannot be granted unless, as matter of law, [plaintiff] failed to make a case." <u>Montgomery Ward & Co. v. Duncan</u>, 311 U.S. 243, 251 (1940).

In its Motion, Defendant realleges the same arguments it presented to the Court during its first Motion for judgment as a matter of law.  Defendant argues the Faragher/Ellerth defense as to Plaintiff's hostile environment claim.  The First Circuit has explained that

> Under Title VII, an employer is subject to vicarious liability for sexual harassment by an employee's supervisor which does not constitute a tangible employment action. But the employer may prevail if it demonstrates a two-part affirmative defense: that its own actions to prevent and correct harassment were reasonable

Civil 06-1197 (JAG)                                                          6

> and that the employee's actions in seeking to avoid harm
> were not reasonable.

Monteagudo, 554 F.3d at 171 (citing Faragher v. City of Boca Raton,
524 U.S. 775, 807 (1998)(See also Burlington Indus., Inc. v.
Ellerth, 524 U.S. 742 (1998)).  Defendant argues that Plaintiff did
in fact use the established complaint procedure to request an
administrative investigation against Sergeant Martin Rivas and his
transfer from the Maunabo Police station.  Moreover, Defendant
states that Sergeant Miguel A. Sanchez testified that he informed
Plaintiff when she filed the complaint that she and Sergeant Rivas
were not going to be assigned to the same shifts.  Furthermore,
Defendant contends that when Plaintiff went to the Police
Department to inquire as to the status of her complaint, Ms.
Rodriguez testified she referred the complaint to the Public
Integrity Division.  Defendant goes on to state that Ms. Rodriguez
testified that she recommended the transfer of Sergeant Rivas.
Defendant avers that as a result Sergeant Rivas worked for a brief
time on different shifts from those of Plaintiff.  Thus, Defendant
claims that the Police Department took corrective action at the
moment of Plaintiff's allegations.

On the other hand, Plaintiff contends that Defendant
misunderstands the Faragher defense.  Plaintiff states that one of
the elements under Faragher is that she failed to use the available
administrative process designed to address sexual harassment in the
police force.  However, Plaintiff notes that she did in fact

Civil 06-1197 (JAG)                                                    7

utilize said process.  Furthermore, Plaintiff notes that she never
received the regulations concerning sexual harassment, nor did she
receive any training. Plaintiff states that the jury in this case
had more than enough evidence to find that the PRPD failed to
afford her an adequate access to the procedures related to the
filing of a sexual harassment complaint.  Ultimately, Plaintiff
avers that the record contains numerous mentions of the PRPD
failing to follow its own procedures.  Thus, she claims that such
defense is not applicable in the instant case.

It seems that both parties agree that Plaintiff took
appropriate measures in order to avoid Defendant's harassing
conduct.  Defendant mistakenly argues that Plaintiff did in fact
use the PRPD's sexual harassment complaint procedure multiple
times.  As a result, inadvertently Defendant disproves its own
defense.  Plaintiff testified during trial that she first filed a
complaint to her acting supervisor at the time, Sergeant Miguel
Sanchez, regarding Sergeant Rivas sexual harassment.  Then, she
testified that she followed up her complaint in the PRPD office in
San Juan with Ms. Maria de los Angeles Rodriguez.  Thus, this Court
finds that Plaintiff's actions in seeking to avoid harm were
reasonable.  Therefore, Defendant fails to establish the second
prong of _Faragher_.  Consequently, the _Faragher_ defense is
inapplicable in this case.

Next, Defendant seeks a judgment notwithstanding verdict as to

Civil 06-1197 (JAG)                                                  8

Plaintiff's claim of retaliation.  Defendant argues that Plaintiff

failed to establish a prima facie case of retaliation.  Defendant

contends that Plaintiff did not demonstrate at trial that the PRPD

took adverse action against her.  Ultimately, Plaintiff argues that

her claim of retaliation should be dismissed without prejudice.

This Court agrees.

     After careful review of the record, this Court cannot find any

evidence that would demonstrate that Plaintiff in fact suffered

retaliation as a result of her complaint regarding Sergeant Rivas'

alleged sexual harassment.

     A retaliation claim under 42 U.S.C. § 2000e-3(a) "forbids

employer actions that 'discriminate against' an employee (or job

applicant) because he has 'opposed' a practice that Title VII

forbids or has 'made a charge, testified, assisted, or participated

in' a Title VII 'investigation, proceeding, or hearing.'"

Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 60 (2006)

(citing 42 U.S.C. § 2000e-3(a)).  To prove a prima facie case of

retaliation Plaintiffs must allege that: (1) Plaintiff engaged in

protected conduct under Title VII; (2) Plaintiff suffered an

adverse employment action; and (3) the adverse action was causally

connected to the protected activity.  Fantini v. Salem State

College, 557 F.3d 22, 32 (1st Cir. 2009). An employee has engaged

in activity "protected conduct" if she has either "(1) 'opposed any

practice made an unlawful employment practice' by Title VII or (2)

Civil 06-1197 (JAG)                                                    9

'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." Id. (internal citation omitted). In order to establish "participation in a protected activity" Plaintiffs need not prove that the conditions against which Plaintiff protested actually amounted to a violation of Title VII. Id. (internal citations omitted). Plaintiff only has to show through her allegations that she had a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" Id.

It is clear from the evidence presented at trial that Plaintiff engaged in protected conduct by complaining to her supervisor and following up her complaint in the police headquarters. Thus the first element of the prima facie claim of retaliation is met. Defendant argues that Plaintiff did not present any evidence to prove that Plaintiff suffered an adverse employment action.

Plaintiff avers in his response to Defendant's motion that she suffered an adverse employment action because when she presented her complaint she started to suffer retaliatory actions. Plaintiff went on to describe at trial how her superior, Lieutenant Rodríguez, "changed his demeanor and attitude when talking to her after filing her complaint." Plaintiff argues at trial that Lieutenant Rodríguez was angry when he learned that she had returned to the Police Headquarters to follow-up on the status of

Civil 06-1197 (JAG)                                              10

her complaint.  Plaintiff also argues that Lieutenant Rodríguez was

"not willing to talk to her as to official matters and would not

even authorize the issuance of an uniform to plaintiff on her

return to work after suffering an incapacitating work related

injury."  Nevertheless, this Court cannot find any evidence in the

record, nor does Plaintiff point to any part of the record, related

to the lack of authorization for the issuance of a uniform.

    This Court finds that based on the evidence presented at

trial, the jury did not have a legally sufficient evidentiary basis

to find for Plaintiff on the issue of retaliation.  Therefore, we

must grant Defendant's Motion pursuant to Rule 50(b) as to the

issue of retaliation.

B. <u>Defendant's Motion for a New Trial</u>

    Defendant moves this Court for a new trial or remittitur under

Fed. R. Civ. P. 59.  "'A district court should only grant such

motions if the outcome is against the clear weight of the evidence

such that upholding the verdict will result in a miscarriage of

justice." <u>Monteagudo</u>,  554  F.3d  at  174  (internal  quotations

omitted).

    Rule 59 allows the Court to, on motion, order a new trial

after a jury trial, "for any reasons for which a new trial has

heretofore been granted in an action at law in federal court . . ."

Fed.R.Civ.P.  59(a).  The motion for a new trial may invoke the

discretion of the court insofar as it is bottomed on the claim that

Civil 06-1197 (JAG)                                                    11

the verdict is against the weight of the evidence, that the damages

are excessive, or that, for other reasons, the trial was not fair

to the party moving; and may raise questions of law arising out of

the alleged substantial errors in admission or rejection of

evidence or instructions to the jury.  <u>Montgomery Ward & Co. V,</u>

<u>Duncan</u>, 311 U.S. 243, 251 (1940). "Unlike a motion . . . under Rule

50, a new trial may be granted even if there is substantial

evidence to support the jury's verdict, since the court is free to

weigh the evidence . . . and need not view it in the light most

favorable to the verdict winner." <u>Song v. Ives Laboratories, Inc.</u>,

957 F.2d 1041 (2d Cir. 1992).

     Consequently, since this Court concluded that the evidence in

the present case meets the more stringent standard under Rule 50(b)

for granting Defendant's Motion for Judgment as a Matter of Law,

this Court must also find that it meets the requirements under Rule

59 for granting Defendant's motion for a new trial.  This Court

finds that the verdict constitutes a "miscarriage of justice"

because the jury found for Plaintiff as to the issue of retaliation

even though there was no evidence to support said verdict.

Further, it would be impossible for this Court to determine which

of the damages awarded can be attributed to the issue of hostile

work environment and which were for the issue of retaliation.

Therefore, the appropriate remedy in this case is that the Court

grant a new trial.

Civil 06-1197 (JAG)                                                        12

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motions under Rule 50(b) as to the issue of retaliation and **GRANTS** Defendant's Motion under Rule 59 and orders a new jury trial.  The Court also **DENIES** Defendant's Motion to Alter Judgment on sovereign immunity grounds as well as Defendant's Motion to uphold the Faragher/Ellerth defense to Plaintiff's alleged hostile work environment claim.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of March, 2010.


                                   S/Jay A. Garcia-Gregory
                                   JAY A. GARCIA-GREGORY
                                   United States District Judge